## No. 1070.

THE STATE OF LOUISIANA VS. MOSES ELY AND LOUIS AUGUSTIN.

An information that charges, "that A. B. at 8 o'clock in the night time with the felonious intent, the dwelling house of one C. D. feloniously then and there to set fire to and burn, feloniously and burglariously then and there did break and enter the said dwelling house," is not obnoxious to the charge of duplicity, as it charges but one offense, and that offense declared by Sec. 851, Rev. Stat.

A PPEAL from the Twenty-sixth District Court, Parish of Jefferson. *Hahn*, J.

*Moses Ely, pro. per.*, Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant Moses Ely was tried, convicted and sentenced to imprisonment at hard labor for fourteen years, under an information charging as follows:

" That Moses Ely  *  *  at about 8 o'clock in the night time  *  * with the felonious intent the dwelling house of one Sylvester Warner *  *  feloniously then and there to set fire to and burn, feloniously and burglariously then and there did break and enter the said dwelling house," etc.

The defendant appeals and points out as error the overruling of his motion in arrest of judgment.

This motion is substantially to the following effect:

1. " That the information charges no crime known to the law ; that an *intent* to do an act or commit a crime—which the information charges—is no offense until an *attempt* is made."

2. "Burglariously breaking and entering a dwelling house does not constitute an offense. The breaking and entering must be with the intent to steal, rob, etc., as provided by Sec. 851, R. S. No intent to do either act is alleged."

3. " The two supposed offenses are joined in the same count."

We quote from Section 851 of the Revised Statutes as follows:

" Whoever with intent to kill, rob, steal, commit a rape, or any other crime, shall in the night time break and enter  *  *  a dwelling house," etc.

This language of the Statute answers virtually all the above objections. The information substantially follows the words of the Statute. The gravamen of the offense therein declared is the breaking and entering a dwelling house in the night time with the intent to commit a crime. The information expressly charges the breaking and entering in the night time, with the intent to commit a crime, to-wit: the crime

of setting fire to and burning the dwelling house so broken and entered, or, in other words, the crime of arson.

The charge comprises a statutuory offense, and but one offense, with all the necessary averments to make the offense complete, and is not amenable to the charge of duplicity or other irregularity.

The sentence of the lower court is, therefore, affirmed with costs.